Jason M. Peck, Esq.
Nevada Bar No. 10183
THE COOPER CASTLE LAW FIRM, LLP
5275 South Durango Drive
Las Vegas, Nevada 89113
(702) 435-4175 Telephone
(702) 877-7424 Facsimile
Email: japeck@ccfirm.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BMO HARRIS BANK, N.A. successor to MARSHALL AND ILSLEY BANK, FSB aka M&I Bank, FSB<br><br>Plaintiff,<br>vs.<br><br>ALI KALAMCHI, an individual; DOES I through V, inclusive and ROE CORPORATION I through V, inclusive.<br><br>Defendants.<br>_____<br>ALI KALAMCHI, an individual; DOES I through V, inclusive and ROE CORPORATION I through V, inclusive.<br><br>Counterclaimant,<br>vs.<br><br>BMO HARRIS BANK, N.A. successor to MARSHALL AND ILSLEY BANK, FSB aka M&I Bank, FSB<br><br>Counter-defendant.<br>_____ | Case No.: 2:12-cv-01448-RCJ-GWF<br><br>**STIPULATED PROTECTIVE ORDER** |

- 1 -

Plaintiff/Counterdefendant BMO HARRIS BANK, N.A. successor to MARSHALL AND ILSLEY BANK, FSB aka M&I BANK, FSB (hereinafter "Plaintiff") and Defendant/Counterclaimant ALI KALAMCHI (hereinafter "Defendant") stipulate to the following terms regarding a protective Order of confidentiality (the "Protective Order") and request that the Court enter a corresponding order:

1.   Documents labeled BMO 0001293 - 0001302 are Plaintiff's short sale policies and procedures, and are to be considered CONFIDENTIAL INFORMATION.

2.   Defendant's access to CONFIDENTIAL INFORMATION shall be limited to the Defendant's attorney, the attorney's employees, Defendant's witnesses and potential witnesses, and outside experts or other consultants retained to assist the Defendant's prosecution or defense of this action. Such access shall only be for the purposes of this litigation and not for any other purpose. Defendant's witnesses and potential witnesses may only view CONFIDENTIAL INFORMATION in the presence of Defendant's counsel, with the following exception: Defendant's counsel may allow access to CONFIDENTIAL INFORMATION by consultants, including consultants designated to testify as expert witnesses, provided such experts and consultants are not current directors, officers or employees of any competitor of Plaintiff. Any such expert or consultant shall be first provided with a copy of this Protective Order and before receiving or having access to CONFIDENTIAL INFORMATION, such experts and consultants shall execute a Promise of Confidentiality ("Promise") in the form attached as Exhibit A. Counsel of Record disclosing CONFIDENTIAL INFORMATION, to consultants shall be responsible for obtaining the executed undertaking in advance of such disclosure and also shall retain the original executed copy of said undertaking. Consultants and experts are hereby specifically advised that their written work product which contains or discloses the substance of

the CONFIDENTIAL INFORMATION is subject to all of the provisions of this Protective Order.

3. CONFIDENTIAL INFORMATION shall not be disclosed or communicated to any person except Plaintiff's employees and the attorneys for the parties and their employees unless and until that person has been given a copy of this Protective Order and has signed the Promise, that he or she has received and agreed to comply with its terms. Copies of the Promise shall be retained by counsel for the party having the same executed, and upon a showing of good cause to the satisfaction of the Court disclosed to counsel for the opposing party.

4. Persons receiving CONFIDENTIAL INFORMATION shall maintain all CONFIDENTIAL INFORMATION in a secure location reasonably designed to protect the confidential and proprietary nature of the CONFIDENTIAL INFORMATION.

5. CONFIDENTIAL INFORMATION shall not be produced, disclosed, or otherwise utilized in any other litigation, whether or not that litigation involves parties to this case. Further, no CONFIDENTIAL INFORMATION shall be disseminated to or shared with any organization or entity, or any representative thereof, that regularly disseminates documents or information regarding documents, including abstracts or summaries, or any other records as a service to its members, subscribers, or others, or the representative of such an organization or entity.

6. If a person in possession of CONFIDENTIAL INFORMATION receives any subpoenas, requests for production or other forms of discovery in connection with other litigation seeking CONFIDENTIAL INFORMATION, that person will immediately notify counsel of record for BMO Harris Bank, N.A., and provide such counsel with a copy of the subpoena or other discovery request. If Plaintiff or its successor in interest acts timely to file a

motion to quash or motion for protective order seeking to protect the CONFIDENTIAL INFORMATION's disclosure, any person receiving a subpoena or other form of discovery as set forth in the preceding sentence shall not produce any CONFIDENTIAL INFORMATION until there has been a determination by a Court or other binding authority on Plaintiff's request to quash the subpoena or otherwise protect the CONFIDENTIAL INFORMATION.

7. Any CONFIDENTIAL INFORMATION to be filed with the Court, or any pleading, motion, transcript, exhibit, or other material that incorporates or includes CONFIDENTIAL INFORMATION, shall be filed under seal in accordance with LR 10-5(b).

8. CONFIDENTIAL INFORMATION that is submitted to the Court for *in camera* review shall be submitted in accordance with LR 10-5, i.e., material will be submitted in an envelope that bears a captioned cover sheet marked "For <u>in camera</u> review only." When the Court has completed its review of such materials, the materials will be returned to the party that submitted them.

9. In the event that Defendant wishes to disclose or discuss CONFIDENTIAL INFORMATION in the course of a deposition, the Defendant shall not show or disclose CONFIDENTIAL INFORMATION to the deponent without the deponent and any other person at the deposition first being given a copy of this Order and having signed the Promise of Confidentiality (Exhibit A).

10. Should Defendant disclose CONFIDENTIAL INFORMATION to any unauthorized person, Defendant shall promptly inform the unauthorized person of the provisions of this Protective Order, attempt to retrieve the CONFIDENTIAL INFORMATION, ask the unauthorized person to sign the Promise of Confidentiality (Exhibit A), and notify counsel of record for BMO Harris Bank, N.A. of the unauthorized disclosure.

11. Any party may contest confidentiality designations at any time in the litigation if any party seeks to use or disclose any specific items in the CONFIDENTIAL INFORMATION which the party contends is not confidential, or if any dispute arises as to whether any specific items in the CONFIDENTIAL INFORMATION are confidential, then the Parties shall try first to resolve such dispute in good faith on an informal basis within 5 business days of written notice. If the Parties are unable to resolve their dispute informally, a party may contest the designation of such specific items as confidential. The party contesting the designation may file a motion with the Court seeking the Court's ruling as to the confidential nature of the specific materials and whether the materials may be used in the manner described by the disclosing party.

12. The restrictions provided for herein shall not terminate upon the conclusion of this action but shall continue until further order of this Court.

///

///

///

13. The provisions of this Protective Order shall survive the termination of this action. Within 30 days of the termination of this action (including appeals), Defendant shall return all CONFIDENTIAL INFORMATION to counsel of record for BMO Harris Bank, N.A. without keeping any copies (paper, electronic, or otherwise). Defendant is responsible for retrieving CONFIDENTIAL INFORMATION from his retained experts and consultants.

DATED this 6 day of June, 2013.   DATED this 6th day of June, 2013

THE COOPER CASTLE LAW FIRM, LLP      FOX ROTHSCHILD, LLP

/s/ Jason M. Peck                    /s/ John Gutke
Jason M. Peck, Esq.                  John Gutke, Esq.
Nevada Bar No. 10183                 Nevada Bar No. 10062
5275 South Durango Drive             3800 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89113                  Las Vegas, Nevada 89169
Attorneys for Plaintiff              Attorneys for Defendant

**IT IS SO ORDERED:**

/s/ George Foley Jr.
UNITED STATES MAGISTRATE JUDGE

DATED: June 10, 2013

EXHIBIT A

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BMO HARRIS BANK, N.A. successor to MARSHALL AND ILSLEY BANK, FSB aka M&I Bank, FSB | Case No.: 2:12-cv-01448-RCJ-GWF |
| Plaintiff, vs. | **PROMISE OF CONFIDENTIALITY** |
| ALI KALAMCHI, an individual; DOES I through V, inclusive and ROE CORPORATION I through V, inclusive. | |
| Defendants. | |
| ALI KALAMCHI, an individual; DOES I through V, inclusive and ROE CORPORATION I through V, inclusive. | |
| Counterclaimant, vs. | |
| BMO HARRIS BANK, N.A. successor to MARSHALL AND ILSLEY BANK, FSB aka M&I Bank, FSB | |
| Counterddefendants. | |

1.   My name is _____. I live at _____.

2.   I have received, reviewed, and agree to be fully bound by the terms of the Stipulated Protective Order entered in the above-referenced lawsuit. Accordingly, I promise to use the CONFIDENTIAL INFORMATION only in connection with assisting counsel of record for a party in the prosecution or defense of this matter.

- 1 -

3. I further promise that I will not disclose or discuss such CONFIDENTIAL INFORMATION with any person other than counsel of record for the parties or counsel's employees. If I am an outside expert or consultant retained by a party's counsel, I may discuss and share CONFIDENTIAL INFORMATION with my employees who assist me in my work for such counsel.

4. I promise that I will not attempt or assist in any attempt to seek permission from any other court to access the CONFIDENTIAL INFORMATION for use in other litigation or for any other purpose.

5. I understand that the use of the CONFIDENTIAL INFORMATION in any manner contrary to the provisions of the Stipulated Protective Order or this Promise of Confidentiality may subject me to sanctions by this Court, and I consent to the jurisdiction of this Court to enforce any such order.

6. I promise to return the CONFIDENTIAL INFORMATION upon request by counsel of record for the parties.

_____         _____
Signature                                Date